**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　Defendant. | C.A. No. 14-cv-1254-GMS |
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHAPERS UNLIMITED, INC. d/b/a<br>CLASSIC SHAPEWEAR,<br><br>　　　　　Defendant. | C.A. No. 14-cv-1255-GMS |
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAKKAS STORE, INC.,<br><br>　　　　　Defendant. | C.A. No. 14-cv-1256-GMS |

BLACKBIRD TECH LLC d/b/a
BLACKBIRD TECHNOLOGIES,

        Plaintiff,

      v.

MODA LATINA, LLC d/b/a LEONISA,,

        Defendant.

C.A. No. 14-CV-1258 GMS

---

BLACKBIRD TECH LLC d/b/a
BLACKBIRD TECHNOLOGIES,

        Plaintiff,

      v.

BLOOMINGDALE'S BY MAIL, LTD.,
BLOOMINGDALE'S, INC.,

        Defendants.

C.A. No. 14-1259-GMS

---

BLACKBIRD TECH LLC d/b/a
BLACKBIRD TECHNOLOGIES,

        Plaintiff,

      v.

SPANX, INC.,

        Defendant.

C.A. No. 14-cv-1261-GMS

---

BLACKBIRD TECH LLC d/b/a
BLACKBIRD TECHNOLOGIES,

        Plaintiff,

      v.

ORION MANUFACTURING, INC. d/b/a
VEDETTE SHAPEWEAR,

        Defendant.

C.A. No. 14-cv-1262-GMS

## [PROPOSED] SCHEDULING ORDER

This _____ day of _____ 20 ___ , the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before **July 8, 2015.**

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings, except for inequitable conduct and willfulness, shall be filed on or before **Sept. 4, 2015.**

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement and, if defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions and supporting materials on which defendant intends to rely to plaintiff no later than **60 days after the issuance of a *Markman* Order.**

4. ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on **March 7, 2016 at 9:30 am in Courtroom 4A**. The *Markman* hearing is scheduled for a total of **2** hours with each side having **1** hour. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before **November 20, 2015**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim

- 3 -

construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall exchange proposed claim terms for construction on **October 23, 2015**, and shall exchange proposed constructions for those terms on **November 6, 2015**. The parties shall file opening claim construction briefs on **December 11, 2015**, and answering claim construction briefs on **January 15, 2016.** Briefing will be presented pursuant to the court's Local Rules.

5. **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before **June 1, 2016**. All production of documents in this case shall be substantially completed by **December 4, 2015**. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **June 15, 2016**. Rebuttal expert reports shall be served on or before **July 15, 2016**. Expert Discovery in this case shall be initiated so that it will be completed on or before **August 19, 2016**.

a. **Initial Identification of Accused Products**. By or on **June 22, 2015**, plaintiff shall preliminarily identify the accused products and the asserted claim(s) they allegedly infringe, disclose its damages model, and produce the file history for the asserted patent.

b. **Production of Core Technical Documents**. By or on **July 17, 2015**, defendants shall produce to plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications, and sales figures for the accused products including unit sales and revenue generated per year.

c. **Initial Infringement Contentions**. By or on **August 7, 2015**, plaintiff shall produce to defendants initial claim charts relating each accused product to the asserted claims each product allegedly infringes on an element by element basis.

d. **Initial Invalidity Contentions**. By or on **August 28, 2015**, defendants shall produce

to plaintiff initial invalidity contentions for each asserted claim, comparing the asserted reference to the claims on an element by element basis for primary references, as well as the related invalidating references (e.g., publications, manuals and patents).

      e.    **Final Infringement Contentions**. By or on a date 30 days after the Court issues a *Markman* Order, plaintiff shall produce to defendants final infringement contentions.

      f.    **Final Invalidity Contentions**. By or on a date 60 days after the Court issues a *Markman* Order, defendants shall produce final invalidity contentions.

      g.    **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **Joint Letter Agenda**, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute.

A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference.  Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date  of service of the answering letter.

---

[1] Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

6.   **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court **by July 10, 2015**. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(g).**

7.   **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement.  The parties shall wait to be contacted by the assigned United States Magistrate Judge.

8.   **Summary Judgment Motions**. Prior to filing any summary judgment motion,  the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **September 2, 2016**. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **September 16, 2016**. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **September 23, 2016**. If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.   **Case Dispositive Motions**: Briefing will be presented pursuant to the Court's Local Rules. Case dispositive motions shall be filed within 2 weeks of the Court's decision to permit the filing of such motions. The parties may agree on an alternative briefing schedule. Any such

agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10.      **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.      **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.      **Pretrial Conference**.  On **January 20, 2017**, beginning at **10:00 am** in **Courtroom 4A,** the Court will hold a Pretrial Conference with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions _in limine_[2]: NO MOTIONS _IN LIMINE_ SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).  The parties shall file with the court the

---

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

**joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before **January 6, 2017**.

       14.   **Trial**.   The first of these matters is scheduled for a **5** day **jury** trial beginning at 9:30 a.m. in Courtroom 4A on **February 13, 2017.**

       15.   **Scheduling**: The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____

UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**PROPOSED DEADLINES**

| ¶ | Event | Agreed Date |
|---|-------|-------------|
| | Rule 16 Conference | N/A |
| 1 | Rule 26(a) Disclosures | July 8, 2015 |
| 5 | Blackbird shall identify the accused products and each asserted claim that those products allegedly infringe, disclose its damages model, and produce the file history for the asserted patent | June 22, 2015 |
| 6 | Protective Order due | July 10, 2015 |
| 5 | Defendants shall produce the core technical documents related to the accused products and sales figures for the accused product(s) including unit sales and revenue generated per year. | July 17, 2015 |
| 5 | Blackbird shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes on an element by element basis | Aug. 7, 2015 |
| 5 | Defendants shall produce their initial invalidity contentions for each asserted claim, comparing the asserted reference to the claims on an element by element basis for primary references,  as well as the cited invalidating references | Aug. 28, 2015 |
| 2 | Joinder of parties and amendment of pleadings, except inequitable conduct and willfulness | Sept. 4,  2015 |
| 4 | Exchange proposed terms for claim construction | Oct. 23, 2015 |
| 4 | Exchange proposed constructions for claim construction | Nov. 6, 2015 |
| 4 | File Final Joint Claim Chart | Nov. 20, 2015 |
| 5 | Document Production Substantially Complete | Dec. 4, 2015 |
| 4 | File Opening Claim Construction Briefs | Dec. 11, 2015 |
| 4 | File Answering Claim Construction Briefs and Joint Appendix | Jan. 15, 2016 |
| 4 | *Markman* Hearing | Mar. 7, 2016 |
| 5 | Final infringement contentions | 30 days after the *Markman* Order |
| 5 | Close of fact discovery | June 1, 2016 |
| 3 | Reliance on advice of counsel (Defendants to disclose intent and produce documents) | 60 days after *Markman* Order |

| ¶ | Event | Agreed Date |
|---|-------|-------------|
| 5 | Final invalidity contentions | 60 days after the *Markman* Order |
| 5 | Serve opening expert reports on issues for which a party bears the burden of proof | June 15, 2016 |
| 5 | Serve rebuttal expert reports | July 15, 2016 |
| 5 | Close of expert discovery | Aug. 19, 2016 |
| 8 | Opening summary judgment letter briefs seeking permission to file summary judgment motions | Sept. 2, 2016 |
| 8 | Answering letter briefs seeking permission to file summary judgment motions | Sept. 16, 2016 |
| 8 | Reply letter briefs seeking permission to file summary judgment motions | Sept. 23, 2016 |
| 9 | Summary Judgment – opening briefs[3] | within 2 weeks of Court's decision |
| 9 | Summary Judgment – answering briefs | per LR |
| 9 | Summary Judgment – reply briefs | per LR |
| 12 | First Pretrial Order | Jan. 6, 2017 |
| 12 | First Pretrial Conference | Jan. 20, 2017 |
| 14 | First Trial | Feb. 13, 2017 (5 days) |

---

[3]   Subject to the Court's permission to file summary judgment motions.